### KERR v. ATLANTIC AVE. R. CO. OF BROOKLYN.

#### (City Court of Brooklyn, General Term. November 26, 1894.)

NEGLIGENCE—WHAT CONSTITUTES.

    It is not negligence, as a matter of law, for a person in daytime to attempt to drive across a street-car track in front of an approaching electric car about 100 feet distant.

Appeal from trial term.

Action by John Kerr, against the Atlantic Avenue Railroad Company of Brooklyn for personal injuries. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Morris & Whitehouse, for appellant.

Jay S. Jones, for respondent.

OSBORNE, J. Plaintiff obtained a verdict against the defendant for damages for injuries sustained through the negligence of the defendant. Defendant appeals, and urges as the principal ground for seeking a reversal that the evidence failed to show freedom from contributory negligence on the part of the plaintiff, or that the plaintiff's injuries were due to any negligence on the part of defendant's servants, and that the learned trial judge erred in refusing to grant the motions to dismiss the complaint on those grounds, made at the close of the plaintiff's case, and renewed after all the evidence was in. Plaintiff's story is to the effect: That on the 16th of October, 1893, he was driving a two-horse wagon, loaded with furniture, along Seventh avenue, in a southerly direction, on the right-hand, or westerly, track of defendant's road. When he was within about 15 feet of the corner of Sixteenth street and Seventh avenue, he started to turn up Sixteenth street towards Eighth avenue, which would necessitate his crossing the easterly track of defendant's road. That the plaintiff first turned his horses slightly to the right, sufficiently to pull his wheels out of the railroad track, and then turned his horses' heads again to the left, to go up Sixteenth street. At about that time he looked south along Seventh avenue, and saw a car of defendant's approaching on the easterly track, and which was then some 90 or 100 feet distant from plaintiff's wagon. Plaintiff thereupon drove across Seventh avenue on an angle, with a view to go

up Sixteenth street. His horses had crossed the east track, and his front wheels were about up to the easternmost rail of the east track, when his cart was struck by the car, and he was precipitated to the ground, and suffered the injuries to recover damages for which this action is brought.

On such a statement as this, standing alone, we cannot say, as matter of law, that the plaintiff was guilty of contributory negligence in attempting to cross Seventh avenue and go up Sixteenth street. It was broad daylight, the car was some 90 to 100 feet away, and it was the duty of the motorman to avoid coming into collision with vehicles traversing the streets crossing his track. He could have readily slowed down his car, and avoided any collision with plaintiff's wagon. Whether he was negligent in failing to do this, and whether plaintiff was negligent in attempting to cross the track at a time when the approaching car was some 90 or 100 feet away, were questions which, we think, ought properly to have been left to the jury to determine. While it is quite true that the defendant made out a case which, standing alone, might have been sufficient to acquit it of negligence, yet it varied so widely in many of its essential details from plaintiff's statement as to how he received his injuries that it was plainly the duty of the court, under a proper charge, to submit the questions involved to the jury to determine. The jury have found in favor of the plaintiff, and we can see no reason for disturbing their verdict.

We fail to see any force in the exception taken to the overruling of defendant's objection to the question put at folio 223. There was nothing in the question objected to that was calculated to humiliate or disgrace the witness, but it was a subject for fair cross-examination with a view of determining the degree of credibility that the jury should attach to the witness' testimony. We are therefore of opinion that the judgment and order denying motion for a new trial should be affirmed, with costs.